UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>        *Plaintiff*,<br><br>  -against-<br><br>CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE LINE MANAGEMENT, LLC, CELEBRATION CRUISE OPERATOR, INC., NATIONAL TRAVEL SERVICES, INC., PLAZA RESORTS, INC., THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.<br><br>        *Defendants*. | 1:13-cv-06131-JG-RML<br><br>**AMENDED CLASS-**<br>**ACTION COMPLAINT** |

## INTRODUCTION

  1.  Plaintiff seek to stop a massive illegal telemarketing campaign by Defendants.

  2.  Since at least January, 2012, Defendants have been responsible for the making of millions of unsolicited telemarketing calls to cellular telephones and residential telephone lines. These calls are made with an automatic-dialing mechanism and play a prerecorded message promising the recipients that they will be given a "free cruise" in exchange for completing a survey (the "'Free Cruise' Survey") that is played during the call and is also prerecorded (the calls and their entire prerecorded content will be referred to as the "'Free Cruise' Robocalls").

  3.  The "Free Cruise" Robocalls violate the federal Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), in either of two respects:

> a. The "Free Cruise" Robocalls that are made to cellular telephones violate the prohibition against "mak[ing] any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . **cellular**

**telephone service**," 47 U.S.C. 227(b)(1)(A)(iii) (emphasis added); or

b. The "Free Cruise" Robocalls that are made to residential telephone lines violate the prohibition against "initiat[ing] any telephone call to any **residential telephone line** using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(B) (emphasis added).

4. For each violation of the TCPA, the recipient is entitled to a minimum of $500.

5. The "free cruises," which are promised to recipients in exchange for their for completion of the survey, are not free.

6. Because the "free cruises" are not free, Defendants have breached their contracts with those who complete the surveys.

7. Plaintiff brings this action individually and as a class action on behalf of all persons to whose cellular telephone lines or residential telephone lines Defendants, or third parties acting with the authorization of Defendants, placed one or more "Free Cruise" Robocalls, excluding Defendants, their officers, employees, and representatives, and their families (the "TCPA Class"), during the period from four years prior to the commencement of this action until the present (the "TCPA Class Period").

8. Plaintiff also brings this individually and as a class action on behalf of all persons who completed a "Free Cruise" Survey during the "Free Cruise" Robocall, other than Defendants, their officers, employees, and representatives, and their families (the "Contract Class"), during the period beginning four years prior to the commencement of this action until the date on which this action is commenced (the "Contract Class Period").

9. Plaintiff also brings this individually and as a class action on behalf of all persons who received a "Free Cruise" Robocall on a New York telephone number (*i.e.* a telephone number

2

having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929), other than Defendants, their officers, employees, and representatives, and their families (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

10. Plaintiff seeks, individually and on behalf of the other TCPA Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

11. Plaintiff seeks, individually and on behalf of the other Contract Class Members, compensatory damages, injunctive relief, attorney's fees, and costs.

12. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1332(d)(2)(A) and 28 U.S.C. § 1367(a).

14. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

16. Plaintiff, Kevin McCabe ("McCabe"), was and is, at all relevant times herein, a resident of the Eastern District of New York.

17. Defendant, Caribbean Cruise Line, Inc. ("Caribbean Cruise Line"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Florida, and maintains

its principal place of business at 2419 East Commercial Blvd., Suite 100, Fort Lauderdale, Florida 33308.

18. Defendant, Celebration Cruise Line, LLC ("Celebration Cruise Line"), was and is, at all relevant times herein, a limited-liability company organized and existing under the laws of Florida, and maintains its principal place of business at 2419 East Commercial Blvd., Suite 302, Fort Lauderdale, Florida 33308.

19. Defendant, Celebration Cruise Line Management, LLC ("Celebration Cruise Line Management"), was and is, at all relevant times herein, a limited-liability company organized and existing under the laws of Florida, and maintains its principal place of business at 2419 East Commercial Blvd., Suite 302, Fort Lauderdale, Florida 33308.

20. Defendant, Celebration Cruise Operator, Inc. ("Celebration Cruise Operator"), was and is, at all relevant times herein, a corporation organized and existing under the laws of the Commonwealth of the Bahamas, and maintains its principal place of business at 2419 East Commercial Blvd., Suite 302, Fort Lauderdale, Florida 33308.

21. Defendant, National Travel Services, Inc. ("National Travel Services"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Nevada, and maintains its principal place of business at 3817 South Carsen Street, Suite 761, Carson City, Nevada 89701.

22. Defendant, Plaza Resorts, Inc. ("Plaza Resorts"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Florida, and maintains its principal place of business at 2419 East Commercial Blvd., Suite 100, Fort Lauderdale, Florida 33308.

23. Defendant, The Berkley Group, Inc. ("The Berkley Group"), was and is, at all relevant

times herein, a corporation company organized and existing under the laws of Florida, and maintains its principal place of business at 2626 East Oakland Park Boulevard, Ft. Lauderdale, Florida 33306.

24.     Defendant, Vacation Ownership Marketing Tours, Inc. ("Vacation Ownership Marketing Tours"), was and is, at all relevant times herein, a corporation company organized and existing under the laws of Florida, and maintains its principal place of business at 2419 East Commercial Blvd., Suite 302, Fort Lauderdale, Florida 33308.

**FACTS**

25.     Celebration Cruise Line owns the 1,500-passenger cruise ship MS Bahamas Celebration (ex MS Prinsesse Ragnhild) (the "Bahamas Celebration").

26.     Upon information and belief, the vessel bears IMO Number 7904891 and is a Bahamian flagged vessel.

27.     Since approximately March, 2009, the Bahamas Celebration has been engaged in two- and three-day cruises from Port Everglades (until approximately March, 2010) or the Port of Palm Beach (since approximately March, 2010) to the Bahamas (the "Vacation Cruises").

28.     At all material times, Celebration Cruise Line and/or Celebration Cruise Line Management and/or Celebration Cruise Operator operated, and/or conducted, and/or managed, and/or controlled the Vacation Cruises (the "Cruise Operators").

29.     The "Free Cruise" Robocalls are made pursuant to contracts to which Caribbean Cruise Line is a party.

30.     National Travel Services, Plaza Resorts, The Berkley Group, and Vacation Ownership Marketing Tours (the "Vacation Cruise Marketers") is engaged in the promotion and sale of vacation packages in connection with the solicitation of consumers to attend presentations for the sale of

timeshare properties

31. The Cruise Operators require individuals who take a Vacation Cruise as a result of having received a "Free Cruise" Robocall to attend a presentation during which the Vacation Cruise Marketers attempt to market and/or sell timeshare properties to such individuals.

32. The conduct in which the Vacation Cruise Marketers engage as alleged in this Complaint is performed with the authorization of, and in concert with, the Cruise Operators.

33. Celebration Cruise Line and the Cruise Operators have knowingly received financial benefits, and have accepted those benefits, from all of the actions alleged herein to have been taken by the Vacation Cruise Marketers.

34. Through a variety of methods, the Vacation Cruise Marketers represent to consumers that they have become eligible for a "free" Vacation Cruise.

35. The Vacation Cruise Marketers, or those operating on their behalf, have placed millions of "Free Cruise" Robocalls to cellular telephones and residential telephone lines inquiring if the recipient wishes to take a free cruise and urging the recipient to press "1" to take a "Free Cruise" Survey. A recipient who presses "1" is then presented with a "Free Cruise" Survey that requires responses over the telephone. This "Free Cruise" Surveys vary; some include political questions, and some include questions such as whether the recipient has certain medical conditions, health insurance, school fees, or a credit card.

36. None of the "Free Cruise" Robocalls stated, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

37. None of the "Free Cruise" Robocalls stated, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

6

38. On or about September 23, 2013, McCabe received, on his cell phone, a "Free Cruise" Robocall.

39. McCabe completed the survey during the "Free Cruise" Robocall that he received.

40. The telephone number on which McCabe received the aforementioned "Free Cruise" Robocall was a New York telephone number.

41. Thousands of "Free Cruise" Robocalls have been made to New York telephone numbers.

42. Because the "Free Cruise" Robocalls are made without the recipients' express permission and without there being an established business relationship with the recipients, the calls violate the TCPA, which prohibits unsolicited robocalls to cell phones and residential telephone lines.

43. The "Free Cruise" Robocalls are "intended to get [the Vacation Cruise Marketers'] foot in the door to sell [Vacation] [C]ruises to the calls' recipients." *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 U.S. Dist. LEXIS 182536 at *2 (N.D. Ill. 12-cv-4069, Dec. 28, 2012).

44. The "Free Cruise" Robocalls promise consideration to the calls' recipients in the form of a free cruise in exchange for the call recipients' participation in the "Free Cruise" Survey.

45. The sole use to which the "Free Cruise" Surveys are put is to various marketing ploys, including the Vacation Cruise Marketers' "Free Cruise" marketing ploy and the marketing ploys of other businesses to which the Vacation Cruise Marketers give the telephone numbers of recipients who answered specific questions affirmatively, including with respect to medical conditions.

46. The Vacation Cruises are not free. Indeed, "[Caribbean Cruise Line's] Web site shows 'required charges' of $59 per person for 'port charges' . . . and government taxes. *See*

www.caribbeancl.com/Terms.htm . . . . [Caribbean Cruise Line] also reserves the right to charge those taking the free cruise $12 per person per day for fuel fees in the event that the New York Mercantile Exchange Index ("NYMEX") lists light sweet crude oil at a price greater than $40.00 per barrel of oil at the time of embarkation. Notably, the NYMEX has not listed a barrel of light sweet crude oil at less than $40.00 in over eight years. A free cruise recipient also reads Web site information about an opportunity to buy a cabin upgrade or an extended stay package. *See* www.caribbeancl.com/Terms.htm. . . . At the bottom of the Web page, in bold, is the following sentence: 'This advertising material is being used for the purpose of soliciting sales of a vacation ownership plan.' *Id.*" *Bank v. Caribbean Cruise Line, Inc.*, E.D.N.Y. Case 1:12-cv-00584-JG-VMS, Aug. 26, 2013, D.E. 49, *adopted*, Sept. 30, 2013.

47.     Caribbean Cruise Line, on a number of its websites, including www.59cruise.com, www.activit-e.com, www.caribbeancl.com, www.claimafreecruise.com, www.cruise4free.com, www.cruiserightnow.com, www.cruisetobahamasfree.com, and www.freecruise1.com, states, in pertinent part, the following:

> Cruise package does not include . . . port charges and government taxes, service charges, Florida state sales tax, [mandatory] gratuities . . . while on board ship. Upgraded rooms and travel options are available at additional costs.

*** 

> *Recipient is responsible for actual port charges and government taxes of $59 per person at time of registration. These charges are non-refundable. The Bahamas Celebration reserves the right to charge an additional fuel supplement of up to $12.00 per person per day on all passengers, to be collected at time of embarkation without prior notice, in the event that the price of light sweet crude oil according to the NYMEX (New York Mercantile Exchange Index) is greater than $40.00 per barrel of oil.*

Rates for third and fourth person in your stateroom, when available, may be purchased at the current cruise line rate. . . .

\*\*\*

This cruise certificate is non-refundable and not redeemable for cash and is void if raffled, sold for cash or other consideration, copied, altered or prohibited by law. Resale is prohibited, no cash value. Offer not valid to residents of South Florida, Alaska, Hawaii and Vermont.

\*\*\*

Once you have paid in full, this program is 100% non-refundable, non-endorsable, and non-transferable for any reason, medical or otherwise. Name changes are not permitted.

\*\*\*

\*\*TERMS AND CONDITIONS: *This is an offer to sell travel* and all recipients are entitled to the free round-trip Caribbean Cruise Line cruise with meals and entertainment included to and from Grand Bahama Island, with no purchase necessary. Extended stay package includes nationally recognized Ramada® Gold Key Award Winning accommodations for two nights South Florida, two nights Orlando, FL, and an economy rental car for seven days with unlimited mileage while in Florida, and is available at a tremendous savings. *Caribbean Cruise Line markets and is responsible for quality travel packages to promote specific hotels and resorts in Orlando, Ft. Lauderdale, and Grand Bahama Island which it exclusively owns and operates*, and in return *requires the attendance at a presentation on the sale of independent vacation ownership resorts* such as Vacation Village at Bonaventure and Vacation Village at Parkway. Extended stay participants will also receive four days / three nights in Puerto Vallarta, Mexico, and three days / two nights in Las Vegas, NV, which may be enjoyed after primary itinerary. Offer is subject to change without notice and Not valid in conjunction with any other offer. Transportation to and from Florida, *port charges*, *government taxes*, hotel and rental car taxes if applicable, and meals on land *are the traveler's responsibility*. *The Bahamas Celebration reserves the right to charge an additional fuel supplement of up to $12.00 per person per day on all passengers, to be collected at time of*

9

> *embarkation without prior notice, in the event that the price of light sweet crude oil according to the NYMEX (New York Mercantile Exchange Index) is greater than $40.00 per barrel of oil*. Please only one call per notification. Caribbean Cruise Line is solely responsible for this offer. Caribbean Cruise Line is an equal opportunity employer. Void where prohibited. All federal, state and local laws apply. Licensed and Bonded in the State of Florida, Fla. Seller of Travel Reg. No. ST-37425. See reverse side for details. Refunds subject to law of state in which consumer resides.
>
> **This advertising material is being used for the purpose of soliciting sales of a vacation ownership plan**.

(italics added; bold in original).

48. Because the Vacation Cruises are not free, and because "Free Cruise" Survey participants only learn of this fact after they have provided consideration in the form of completing the "Free Cruise" Surveys, the Vacation Cruise Marketers' failure to provide a free cruise is a breach of contract.

49. The same terms and conditions of the "free cruises" are available to the general public. Indeed, there have been radio advertisements for the same "free cruises" throughout the country.

50. Because the same terms and conditions of the "free cruises" are available to the general public, the provision of the Vacation Cruises is, in fact, not consideration for one's completion of a "Free Cruise" Survey; and, therefore, Defendants have breached its contracts with those who complete the "Free Cruise" Surveys.

51. At all relevant times herein, James H. Verrillo ("Verillo") and Daniel Lambert ("Lambert") have each been an officer of Caribbean Cruise Line, National Travel Services, Plaza Resorts, and Vacation Ownership Marketing Tours.

52.     At all relevant times herein, Levitan and Charles Kinnear have each been an officer of Celebration Cruise Line, Celebration Cruise Line Management, and Celebration Cruise Operator.

53.     At all relevant times herein, Rebecca A. Foster ("Foster") has been an officer of The Berkley Group.

54.     The Cruise Operators benefit financially from individuals who take a Vacation Cruise as a result of having received a "Free Cruise" Robocall.

55.     The Vacation Cruise Marketers benefit financially from individuals who purchase a timeshare after having attended that take a Vacation Cruise as a result of having attended the above-described presentation by the Vacation Cruise Marketers.

56.     At all relevant times herein, Defendants have each been aware that the "Free Cruise" Robocalls were being made with their approval.

57.     At all relevant times herein, the "Free Cruise" Robocalls have been made with the intention of providing financial benefits to each Defendant.

58.     At all relevant times herein, Defendants have each knowingly and willingly accepted the financial benefits that they have derived from the "Free Cruise" Robocalls.

**FIRST CAUSE OF ACTION**

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" inclusive of this Complaint as if fully set forth herein.

60.     The placement of telephone calls to Plaintiff and Members of the TCPA Class, as set forth above, violated 47 U.S.C. 227(b)(1)(A)(iii) or 47 U.S.C. § 227(b)(1)(B).

61.     Based upon the foregoing, Plaintiff and Members of the TCPA Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

62. Based upon the foregoing, Plaintiff and Members of the TCPA Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## SECOND CAUSE OF ACTION

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" inclusive of this Complaint as if fully set forth herein.

64. Because the Vacation Cruises are not free, and because "Free Cruise" Survey participants only learn of this fact after they have provided consideration in the form of completing the "Free Cruise" Surveys, Defendants' failure to provide a free cruise is a breach of contract.

65. Because the same terms and conditions of the "free cruises" are available to the general public, the provision of the Vacation Cruises is, in fact, not consideration for one's completion of a "Free Cruise" Survey; and, therefore, Defendants have breached its contracts with those who complete the "Free Cruise" Surveys.

66. As a result of the Defendants' breaches, Plaintiff and the other Members of the Contract Class are entitled to compensatory damages, injunctive relief, and any other appropriate relief.

## THIRD CAUSE OF ACTION

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" inclusive of this Complaint as if fully set forth herein.

68. The placement of telephone calls to Plaintiff and Members of the New York Class, as set forth above, violated New York General Business Law § 399-p(3)(a).

69. Based upon the foregoing, Plaintiff and Members of the New York Class are entitled

to statutory damages pursuant to New York General Business Law § 399-p(9).

70. Based upon the foregoing, Plaintiff and Members of the New York Class are entitled to an Order, pursuant to New York General Business Law § 399-p(9), enjoining Defendant from violating New York General Business Law § 399-p(3)(a).

## CLASS ALLEGATIONS

71. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons to whose cellular telephones or residential telephone lines Defendants, or third parties acting with the authorization of Defendants, placed one or more "Free Cruise" Robocalls, excluding Defendants, their officers, employees, and representatives, and their families (the "TCPA Class"), during the period beginning four years prior to the commencement of this action until the date on which this action is commenced (the "TCPA Class Period").

72. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons who completed a "Free Cruise" Survey during the "Free Cruise" Robocall, other than Defendants, their officers, employees, and representatives, and their families (the "Contract Class"), during the period beginning four years prior to the commencement of this action until the date on which this action is commenced (the "Contract Class Period").

73. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons who received a "Free Cruise" Robocall on a New York telephone number (*i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929), other than

13

Defendants, their officers, employees, and representatives, and their families (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

74. The Members of the TCPA Class and Contract Class are so numerous that joinder of all Members is impracticable.

75. Plaintiff believes that there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendants' unlawful conduct.

76. Plaintiff will fairly and adequately protect the interests of each Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

77. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of each of the Classes to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

78. Common questions of law and fact predominate over questions that affect only

individual TCPA Class Members. Among the questions of law and fact common to the TCPA Class are:

    (i) whether Defendants, or third parties acting with the authorization of Defendants, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential or cellular telephone lines;

    (ii) whether the telephone calls at issue violated the TCPA;

    (iii) whether Defendant willfully or knowingly violated the TCPA;

    (iv) whether the Members of the TCPA Class are entitled to damages as a result of Defendants' violations of the TCPA, and, if so, how much; and

    (v) whether the Members of the TCPA Class are entitled to injunctive relief as a result of Defendants' violations of the TCPA;

    79. Common questions of law and fact predominate over questions that affect only individual Contract Class Members. Among the questions of law and fact common to the Contract Class are:

    (i) whether Defendants told the Members of the Contract Class that they would be entitled to a "free cruise" if they completed a survey during a "Free Cruise" Robocall;

    (ii) whether the Members of the Contract Class completed a survey during a "Free Cruise" Robocall;

    (iii) whether the "free cruise" to which the "Free Cruise" Robocall referred were free;

    (iv) whether Defendants breached their contracts with the Members of the Contract Class; and

    (v) whether the Members of the Contract Class are entitled to damages as a result of

Defendants' breaches of contract, and, if so, how much.

80. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among the questions of law and fact common to the New York Class are:

(i) whether the "Free Cruise" Robocalls stated, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted; and

(ii) whether the "Free Cruise" Robocalls stated, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff and the other Members of the TCPA Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B);

(b) Awarding Plaintiff and the other Members of the TCPA Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2);

(d) Awarding Plaintiff and the other Members of the Contract Class compensatory damages, injunctive relief, and any other appropriate relief as a result of Defendants' breaches of contract;

16

(e) Awarding Plaintiff and the other Members of the New York Class statutory damages of $50 of pursuant to New York General Business Law § 399-p(9);

(f) Issuing an Order, pursuant to New York General Business Law § 399-p(9), enjoining Defendants from violating New York General Business Law § 399-p(3)(a); and

(g) Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: April 3, 2014

        Yours, etc.,

        *s/ Todd C. Bank*
        TODD C. BANK, ATTORNEY AT LAW, P.C.
        Todd C. Bank - (TB-6825)
        119-40 Union Turnpike, Fourth Floor
        Kew Gardens, New York 11415
        (718) 520-7125

        *Counsel to Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 3, 2014, a true and accurate copy of the foregoing is being filed electronically via the Court's electronic-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: April 3, 2014

                     s/ *Todd C. Bank*