UNITED STATES DISTRICT COURT                    <u>FOR ONLINE PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK

---

KEVIN McCABE, Individually and on Behalf
of All Others Similarly Situated,

                                        Plaintiff,          MEMORANDUM
                                                            <u>AND ORDER</u>
            - versus -                                      13-CV-6131

CARIBBEAN CRUISE LINE, INC. et al.,

                                        Defendants.

---

A P P E A R A N C E S :

        TODD C. BANK
                119-40 Union Turnpike
                4th Floor
                Kew Gardens, New York 11415
        By:     Todd C. Bank
                *Attorney for Plaintiff*

        GREENSPOONER MARDER, P.A.
                200 E. Broward Blvd.
                Suite 1500
                Fort Lauderdale, FL 33301
        By:     Jeffrey Blackman
                *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

            Kevin McCabe brings this action individually and on behalf of a putative class

alleging that defendants violated provisions of the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, (the "TCPA") and New York General Business Law ("NYGBL") § 399-

p(3)(a) by making a call (or causing a call to be made) to his cellular telephone using an

automatic-dialing mechanism with a prerecorded message offering a "free cruise" in exchange

for completing a survey.  He also asserts a claim for breach of contract based on the allegation

that the cruise offered in the call is not actually free.  McCabe claims that defendants are

responsible for "millions" of identical or very similar calls made to individuals throughout the country. Defendants Celebration Cruise Line, LLC, Celebration Cruise Line Management, LLC, Celebration Cruise Operator, Inc., National Travel Services, Inc., Plaza Resorts, Inc., and Vacation Ownership Marketing Tours, Inc. move to dismiss the complaint for lack of personal jurisdiction. All defendants move to dismiss the complaint for failure to state a claim. In the alternative, defendants move for a stay of the case pending the resolution of two other actions in the Eastern District of New York that they view as substantially similar to this action. I heard oral argument on May 30, 2014. For the reasons stated below, defendants' motion to dismiss for failure to state a claim is granted as to the claims against all defendants except Caribbean Cruise Line;[1] defendants' motion to dismiss the breach of contract claim as to all defendants is also granted. Defendants' motion to stay is denied.

## BACKGROUND

McCabe's amended complaint alleges the following facts, which I assume to be true for the purposes of this motion. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

Defendants National Travel Services, Plaza Resorts, The Berkley Group, and Vacation Ownership Marketing Tours (the "Vacation Marketers") or those operating on their behalf, have placed "millions" of "free cruise robocalls" to cellular and residential telephone lines offering a "free cruise" in exchange for completing a survey. Am. Compl. ¶ 35, ECF No. 19. The Vacation Marketers promote the sale of vacation and timeshare packages through presentations that individuals who accept the "free cruise" offer are required to attend. *Id.* ¶¶ 30-31. Defendants Caribbean Cruise Line, Inc., Celebration Cruise Line, LLC, Celebration Cruise Line Management, LLC, Celebration Cruise Operator, Inc. (the "Cruise Operators") provide the

---

[1] Because all claims against the defendants moving to dismiss the complaint pursuant to Rule 12(b)(2) are dismissed for failure to a state a claim, I do not reach the issue of whether the complaint alleges facts sufficient for the Court to exercise personal jurisdiction over these defendants.

cruises offered in the free cruise robocalls. *Id.* ¶¶ 27-29. The free cruise robocalls "are made pursuant to contracts to which Caribbean Cruise Line is a party." *Id.* ¶ 29.

On or about September 23, 2013, McCabe, a New York resident, *id.* ¶ 16, received a free cruise robocall on his cellular telephone, which has a New York area code. *Id.* ¶¶ 38, 40. The automated recording encouraged McCabe to "press 1" to take a "free cruise survey." *Id.* ¶ 35. After pressing "1" on his phone, McCabe was presented with a survey, which he completed. *Id.* ¶¶ 35, 39. McCabe had not given any of the defendants permission to call his telephone, *id.* ¶ 42, and the recording did not state at the beginning of the call the name of the person responsible for placing the call, or state at the end of the recording the name, address, or phone number of the person responsible for the call. *Id.* ¶¶ 36-37.

Despite the promise of a "free" cruise in exchange for completing the survey, Caribbean Cruise Line's website shows there are several charges for the cruise, including "required charges" of $59 per person for "port charges" and "government taxes" as well as $12 per person per day in "fuel fees" if the price of light sweet crude oil is listed on the New York Mercantile Exchange Index ("NYME") at over $40 per barrel.[2] At the bottom of the webpage, in bold, is the disclaimer that "This advertising material is being used for the purpose of soliciting sales of a vacation ownership plan." *Id.* The other Cruise Operator defendants charge identical or very similar fees for the supposedly "free" cruises. *Id.*

According to McCabe, "thousands" of substantially identical calls have been made by the defendants to New York and non-New York telephone numbers belonging to individuals who have not consented to being contacted by the defendants. *Id.* ¶¶ 41-42. In

---

[2] McCabe notes that the price of sweet light crude has not been listed below $40 per barrel on the NYME for the past eight years. *Id.* ¶ 46.

addition, the same "free cruises" have been made available to the general public, without the need to complete the survey.  *Id.* ¶ 49.

McCabe contends that the Cruise Operators benefit financially from individuals who take a cruise as a result of receiving a free cruise robocall, *id.* ¶ 54, and that the Vacation Marketers benefit financially from individuals who end up buying a timeshare property after being required to attend a timeshare sales presentation as part of the "free cruise."  *Id.* ¶ 55.  All defendants, according to McCabe, were aware of these robocalls, approved their use, and intended the calls to benefit them financially.  *Id.* ¶ 57.

DISCUSSION

A.  *Failure to State a Claim*

1.  *The Standard of Review*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012).  In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

2. *Analysis*

a. *"Lumping" Defendants*

Defendants argue that the amended complaint impermissibly "lumps" the defendants together and fails to plausibly plead that each of the defendants was responsible for the telephone call received by McCabe. I agree. The complaint contains only conclusory allegations that the defendant Vacation Marketers engaged in the unlawful conduct alleged in the complaint "with the authorization of, and in concert with, the Cruise Operators," Am. Compl. ¶ 32, ECF No. 19, and that the Vacation Marketers "or those operating on their behalf, have placed millions of 'Free Cruise' robocalls." *Id.* ¶ 35. These allegations are insufficient to state a plausible claim against these defendants. *See Cellco P'ship v. Plaza Resorts Inc.*, No. 12-CV-81238, 2013 WL 5436553, at *6 (S.D. Fla. Sept. 27, 2013) (finding allegations that "the [defendants] are 'affiliated' and 'act in concert' with each other . . . simply too conclusory" and granting motion to dismiss).

The complaint does allege, however, that "[t]he 'Free Cruise' Robocalls are made pursuant to contracts to which Caribbean Cruise Line is a party." Am. Compl. ¶ 29, ECF No. 19. This specific allegation, in conjunction with the more general allegations contained in the complaint, is sufficient to plausibly plead a claim against Caribbean Cruise Line ("CCL"). Accordingly, the claims against all the defendants except CCL are dismissed for failure to state a claim.

b. *Sufficiency of the TCPA and NYGBL Claims*

McCabe alleges that CCL violated §§ 227(b)(1)(A)(iii) and 227 (b)(1)(B) of the TCPA and NYGBL § 399-p(3)(a). Section 227(b)(1)(A)(iii) makes it unlawful for any person:

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone

dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C.A. § 227(b)(1)(A)(iii). Section 227(b)(1)(B) makes it unlawful for any person:

to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission . . . .

47 U.S.C.A. § 227(b)(1)(B). Finally, NYGBL § 399-p(3)(a) provides, in part, that:

Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law . . . .

N.Y. Gen. Bus. Law § 399-p(3)(a).

CCL contends that McCabe's TCPA claims must be dismissed because vicarious liability is unavailable "as a matter of law" under the relevant subsections of § 227(b), which make it unlawful to "make" and "initiate" the prohibited call but do not specifically reference "on behalf of" liability. Defs. Mem. in Supp. of Mot. to Dismiss, ECF No. 23, at 7. This argument is unavailing. I recently held in a very similar case against CCL that traditional vicarious liability principles apply to actions brought under the TCPA. *See Bank v. Caribbean Cruise Line, Inc. ("Bank I")*, No. 12-CV-584, at 22-23, ECF No. 49 (E.D.N.Y. August 26, 2013), *adopted* Sept. 30, 2013.[3] The thorough Report and Recommendation prepared by Magistrate Judge Vera Scanlon, which I adopted, concluded that traditional principles of vicarious liability apply to actions brought under the TCPA because any other interpretation would allow companies "to evade TCPA liability" simply by "creative contracting." *Id.* at 23.

---

[3] In *Bank I*, CCL was represented by the attorneys who represent it in this action, and the *pro se* plaintiff in that case, Todd C. Bank, is McCabe's counsel in this action.

This conclusion is consistent with other cases that have also held that vicarious liability is applicable to actions brought under § 227(b). In *Birchmeier v. Caribbean Cruise Line, Inc.*, for example, the court denied a motion to dismiss premised on the same argument advanced here, *i.e.*, that the defendants could not be liable under the TCPA because they had contracted with some other party to initiate the unlawful calls for them. 2012 WL 7062748, at *3 (N.D. Ill. Dec. 28, 2012); *see also Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-85 (C.D. Cal. 2012) (holding that while statutory "on behalf of" liability – which amounts to a strict liability standard – is not applicable under § 227(b)(1), general tort vicarious liability requiring evidence of agency and control is applicable to such actions); *Mey v. Pinnacle Sec., LLC*, 2012 WL 4009718, at *4-5 (N.D. W.Va. Sept. 12, 2012) (same).

CCL argues in the alternative that even if vicarious liability is available under § 227(b), McCabe has not sufficiently pled facts to support a plausible claim of such liability. This argument also fails. While McCabe's allegation that the free cruise robocall was made pursuant to a contract to which CCL is a party is sparse, in conjunction with the other allegations contained in the amended complaint it suffices to "nudge" his claims against CCL "across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570.

CCL also asserts that McCabe has not sufficiently pled that the call in question was made using "an automatic telephone dialing system or an artificial or prerecorded voice" as required by the TCPA or an "automatic dialing-announcing device" as required by NYGBL § 399-p(3). I conclude, however, that McCabe's allegations that the call he received contained a "prerecorded message" and was made by an "automatic-dialing mechanism," Am. Compl. ¶ 2, ECF No. 19, are sufficient to plausibly state a claim under these statutes. Claims based on alleged violations of the TCPA or NYGBL § 399-p3 need not be pled with particularity. *See*

*Robinson v. Midland Funding, LLC*, No. 10-CV-2261, 2011 WL 1434919, at *1 (S.D. Cal. Apr. 13, 2011) (denying a motion to dismiss for failure to state a claim where plaintiff's pleading regarding the use of an automatic telephone dialing system or artificial or prerecorded voice was nearly identical to the instant allegation); *Reyes v. Saxon Mortg. Servs., Inc.*, No. 09-CV-1366, 2009 WL 3738177, at *4 (S.D. Cal. 2009) (same).

c.  *Breach of Contract*

CCL also argues that McCabe fails to plausibly allege a claim for breach of contract.  I agree.  To state a claim for breach of contract under New York law, a plaintiff must adequately allege each of the following elements: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).  With regard to the existence of a contract, the New York Court of Appeals has explained that:

> To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms.  This requirement assures that the judiciary can give teeth to the parties' mutually agreed terms and conditions when one party seeks to uphold them against the other. . . .  The first step then is to determine whether there is a sufficiently definite offer such that its unequivocal acceptance will give rise to an enforceable contract. . . . [D]efiniteness as to material matters is of the very essence of contract law.  Impenetrable vagueness and uncertainty will not do.

*Express Indus. and Terminal Corp. v. N.Y. State Dept. of Transp.*, 93 N.Y.2d 584, 589-90 (1999) (internal quotation marks and citations omitted); *see also Sever v. Glickman*, 298 F. Supp. 2d 267, 272 (D. Conn. 2004) (same).

Applying these principles to the case at hand, the complaint alleges that the prerecorded telephone call McCabe received promised that he would be "given a 'free cruise' in exchange for completing a survey." Am. Compl. ¶ 2, ECF No. 19.  This lone allegation, lacking

any mention of the specific terms of the alleged agreement, is simply too vague and indefinite to plausibly establish the existence of a contract between McCabe and CCL. *See Ross v. FSG PrivatAir, Inc.*, No. 03-CV-7292, 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004) (To survive a motion to dismiss a claim for breach of contract "must denote the essential terms of the parties' purported contract . . . ."). In short, the facts alleged do not support an inference that there was an objective meeting of the minds between McCabe and CCL sufficient to give rise to a binding and enforceable contract. *See Friedman v. Schwartz*, No. 08-CV-2801, 2009 WL 701111, at *9-10 (E.D.N.Y. Mar. 13, 2009). Accordingly, CCL's motion to dismiss the breach of contract claim is granted.[4]

d. *Class Action Claim*

Lastly, defendants argue that McCabe fails to plausibly plead facts to support class certification under Rule 23. This argument is premature; it will be addressed if and when McCabe makes a motion for class certification. Thus, CCL's motion to dismiss the claims to the extent they are alleged on behalf of a class is denied.

B. *Motion to Stay*

Defendants also move for a stay of this case pending resolution of a substantially similar action currently before me, *Bank v. Caribbean Cruise Line, Inc. ("Bank I")*, No. 12-CV-0584 (E.D.N.Y. filed Feb. 6, 2012), and another similar action pending before Judge Eric Vitaliano, *Bank v. Caribbean Cruise Line, Inc. ("Bank II")*, No. 12-CV-5572 (E.D.N.Y filed Nov. 8, 2012). McCabe's attorney in this case, Todd C. Bank, is the *pro se* plaintiff in each of

---

[4]     My decision to dismiss the breach of contract claim is further supported by McCabe's counsel's representation at oral argument that the pre-recorded phone call only offered those who completed the survey the opportunity "to *hear about* a free cruise," rather than offering a free cruise outright. Tr. 23:10-12 (emphasis added). While McCabe's counsel may not see the difference between being offered the opportunity to hear about a free cruise and being offered a free cruise outright, this admission further demonstrates how vague and indefinite the complaint is in regard to the alleged existence of a contract between McCabe and CCL.

these other actions.  While it is true that these cases all arise from substantially similar alleged phone calls, because the instant action involves different parties (McCabe is not a party in either *Bank I* or *Bank II*) as well as different claims (neither *Bank I* nor *Bank II* include claims for breach of contract or violation of NYGBL § 399p-3), I decline to exercise my discretion to grant a stay.  *See Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-CV-3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013) ("It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar.").

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss for failure to state a claim is granted as to all defendants except Caribbean Cruise Line.  Defendants' motion to dismiss the breach of contract claim is granted.  The motion for a stay is denied.

So ordered.


John Gleeson, U.S.D.J.


Dated: July 3, 2014
Brooklyn, New York