UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 1:13-cv-06131-JG-RML

KEVIN MCCABE, individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,

      Defendant.

_____/

## DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendant, CARIBBEAN CRUISE LINE, INC. ("CCL"), pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, and Local Rule 7.1, moves this Court to dismiss with prejudice the Amended Complaint of Plaintiff, KEVIN MCCABE ("Plaintiff"), for lack of subject matter jurisdiction because no controversy remains for this Court to adjudicate. CCL's Rule 68 Offer of Judgment to Plaintiff offers the maximum possible statutory relief to which Plaintiff is entitled, and Plaintiff's claim is therefore rendered moot. As a result, Plaintiff lacks both a personal stake in the litigation and standing to bring it. As there is no longer a live case or controversy before this Court, CCL respectfully requests this Court dismiss Plaintiff's claim, in its entirety, with prejudice.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS

## I.  INTRODUCTION AND BACKGROUND

On November 4, 2013, Plaintiff filed this lawsuit against CCL and eleven other named Defendants seeking to certify a class for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (the "TCPA"), breach of contract,[1] and the New York General Business Law § 399-p ("NYBL").[2] Plaintiff claimed, in his single count, to have received one telephone call on September 23, 2013, to his cellular telephone line.[3] As redress for this alleged call, Plaintiff seeks statutory damages, injunctive relief, and costs of the suit.[4]

Despite this case being filed in November, 2013, Plaintiff has failed to move for class certification; commence discovery; or otherwise move this case forward in any meaningful way.[5] CCL, conversely, is trying to move this year-old case forward toward a conclusion. Indeed, CCL has served Plaintiff with written discovery requests, and has twice sought to notice his deposition. Unfortunately, counsel for Plaintiff has refused to participate in discovery, unilaterally refusing to appear at noticed depositions and interposing general boilerplate and

---

1.  This count was impermissibly allegedAs noted by this Court, Plaintiff's counsel does not seem to understand the basic elements required for contract formation. *See e.g.* DE: 37, n. 4 ("My decision to dismiss the breach of contract claim is further supported by McCabe's counsel's representation at oral argument that the pre recorded phone call only offered those who completed the survey the opportunity "to *hear about* a free cruise," rather than offering a free cruise outright. Tr. 23:10-12 (emphasis added). While McCabe's counsel may not see the difference between being offered the opportunity to hear about a free cruise and being offered a free cruise outright, this admission further demonstrates how vague and indefinite the complaint is in regard to the alleged existence of a contract between McCabe and CCL.").
2.  DE: 1.
3.  DE: 1.
4.  DE: 1.
5.  *See*, *generally*, case docket.

conclusory objections in response to CCL's written discovery requests. Motions to Compel have been filed by CCL with respect to the various discovery disputes.[6]

On October 30, 2014, CCL served upon Plaintiff a Rule 68 Offer of Judgment (the "Offer")[7] offering Plaintiff (1) the full statutory damages recoverable under the TCPA and the NYBL for the one alleged telephone call, i.e., $2,500.00; (2) recoverable costs accrued up to the date of the Offer; (3) injunctive relief by way of an injunction precluding CCL from making the complained-of "survey calls" to Plaintiff's cellular telephone line in a manner which violates the TCPA and/or the NYBL; and (4) recoverable costs and reasonable attorneys' fees actually incurred (up to the date of the offer) in an amount to be determined by the Court. The Offer was valid for fourteen (14) days. However, despite the fact that the Offer Plaintiff received afforded him ***more*** than all the relief he seeks and could hope to obtain in this action, Plaintiff failed to respond to CCL within that timeframe, and the Offer expired.

## II.  ARTICLE III OF THE UNITED STATES CONSTITUTION REQUIRES FEDERAL COURTS TO DISMISS CLAIMS THAT ARE MOOT

Article III of the United States Constitution permits a federal court to entertain an action only when it involves a live case or controversy.[8] Absent a live case or controversy, the issue is non-justiciable in federal court.[9] Further, for a federal court to sustain jurisdiction over a matter, "the parties must continue to have a 'personal stake in the outcome' of the lawsuit."[10] Without a

---

6.  *See* DE 46, 47, 48 and 49.

7.  DE: 40-1.

8.  *See* U.S. Const. art. III, §2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968); *SC Note Acquisitions, LLC v. Wells Fargo bank, N.A.*, 934 F. Supp. 2d 516, 524 (E.D.N.Y. 2013); *Doyle v. Midland Credit Mgmt., Inc.*, 11-CV-5571 JG MDG, 2012 WL 5210596 (E.D.N.Y. Oct. 23, 2012) *aff'd,* 722 F.3d 78 (2d Cir. 2013) (opinion drafted by Honorable Judge Gleeson, granting Defendant's Motion to Dismiss under Rule 12(b)(1)).

9.  *Flast*, 392 U.S. at 95 ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments.").

10. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)(citing *Los Angeles v. Lyons* 461 U.S. 95, 101 (1983)).

personal stake in the outcome, federal courts are powerless to decide the controversy; lack of subject matter jurisdiction is a fatal defect.[11] The U.S. Supreme Court had recent occasion to explain the mootness doctrine:

> In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "'personal stake,'" in the outcome of the action. A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.[12]

It is equally well-settled in the Second Circuit that the case-or-controversy requirement must be maintained throughout the life of the lawsuit.[13] Accordingly, a case that is live when it is filed may become moot when the courts can no longer, "through the exercise of their remedial powers, do anything to redress the injury."[14] Indeed, when a complaining party's injury is healed, the claim becomes moot and must be dismissed.[15]

## III. PLAINTIFF'S CLAIM IS MOOT BECAUSE CCL'S RULE 68 OFFER OF JUDGMENT AFFORDS HIM COMPLETE RELIEF

Federal Rule of Civil Procedure 68 states:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.[16]

---

11.    *See* Fed. R. Civ. P. 12(h)(3); *Fox v. Bd. of Trs. of State Univ. of N.Y.,* 42 F.3d at 140 (citing *Alston v. Coughlin,* 109 F.R.D. 609, 612 (S.D.N.Y. 1986).

12.    *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 1528 (2013) (internal citations and quotations omitted).

13.    *See Cook v. Colgate University*, 992 F.2d 17, 19 (2d Cir. 1993)("[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit."); *Etuk v. Slattery,* 936 F.2d 1433, 1441 (2d Cir. 1991); *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y 2008).

14.    *Cook*, 992 F.2d at 19.

15.    *See Alexander v. Yale University*, 631 F.2d 178, 183–84 (2d Cir. 1980).

16.    Fed. R. Civ. P. 68(a). Rule 68 applies in the class action context. Indeed, revisions

As explained by the Supreme Court, the purpose of Rule 68 is "to encourage settlement and avoid protracted litigation."[17] In the Second Circuit "the ship has sailed on that question . . . as the Court of Appeals has made clear."[18] An offer of maximum recovery under Rule 68 does, indeed, moot a plaintiff's claim.[19] As the Honorable Judge Friendly profoundly observed, "there is no justification for taking the time of the court and the defendant in the pursuit of miniscule individual claims which the defendant has more than satisfied."[20] As recognized and followed in *Greif* by the Honorable Judge Spatt, "Judge Nickerson [in *Ambalu v. Rosenblatt*] held that in a class action case where the class has not been certified and no motion for certification has been made, a Rule 68 offer of judgment applies."[21] "The court further found that its conclusion was unaltered by the fact that the offer of judgment did not propose to compensate the entire class."[22] "The court reiterated the fact that the class had not been certified, and 'if a named

---

that effectively removed Rule 68 from the class action context have been rejected. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (Sept.1984), reprinted in 102 F.R.D. 407, 433 (1985). It is clear that the purpose of Rule 68 is to encourage settlement, avoid litigation, reserve judicial resources, and prevent unnecessary expenses on the defendant. *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *see also Bradford v. HSBC Mortgage Corp.,* 280 F.R.D. 257, 263 (E.D. Va. 2012) ("Even as a prudential matter, to allow adjudication of a claim rendered moot by a Rule 68 offer of judgment after the offer's expiration (i) wastes judicial resources, (ii) forces unnecessary expenses on defendants, and (iii) runs directly contrary to Rule 68's settlement-encouragement purpose. *Cf. Abrams v. Interco, Inc.,* 719 F.2d 23, 32 (2d Cir.1983).").

17.     *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)(citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).

18.     *Boutros v. JTC Painting and Decorating Corp.*, No. 12-CIV-7576(PAE), 2013 WL 5637659, at *4 (S.D.N.Y. Oct. 15, 2013)(citing *Pla v. Renaissance Holdings LLC*, No. 12-CIV-5268(JMF), 2013 WL 3185560, at *4 (S.D.N.Y. June 24, 2013); *see also McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005).

19.     *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78 (2d Cir. 2013); *Boutros*, 2013 WL 5637659 at *4 (citing *McCauley*, 402 F.3d at 342); *Vadai v. Dun & Bradstreet Credibility Corp.*, No. 14 CIV. 1617 LLS, 2014 WL 4436325, at *1 (S.D.N.Y. Sept. 2, 2014).

20.     *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983).

21.     *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 160 (E.D.N.Y. 2003).

22.     *Id.*

representative's claim becomes moot before class certification, the entire class is to be dismissed for lack of subject matter jurisdiction."'[23]

The Second Circuit has spoken, consistently concluding that an offer of full relief, regardless of its form, if refused, will moot a plaintiff's case – removing any case or controversy from the court.[24] In fact, this issue was before this Court and was decided by the Second Circuit in *Doyle*. In *Doyle*, the plaintiff, represented by Bank, sued Midland for damages, bringing three causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*[25] Midland moved to dismiss the complaint for lack of subject matter jurisdiction, asserting that it had served Doyle with a Rule 68 offer in an amount exceeding the recovery available to Doyle and arguing that the offer rendered the case moot.[26] At the hearing, to address the plaintiff's contention that some minimal actual damages were incurred, Midland increased its offer to an amount that the plaintiff's counsel conceded constituted the maximum obtainable relief. Doyle nonetheless refused to settle the case.[27] This Court held that the case was rendered moot, and it granted Midland's motion to dismiss.[28] On appeal, the Second Circuit affirmed the district court's dismissal for mootness and held that the plaintiff's refusal to settle the case for the full amount requested in response to a Rule 68 offer of judgment "was sufficient ground to dismiss

---

23.     *Id.* (citing *Ambalu,* 194 F.R.D. at 452). There are a few cases, outside this circuit that follows the dissent in *Genesis*. See *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013), for dissenting opinion. Fortunately, the Majority of the Court recognized that "Courts of Appeals on both sides of that issue [mootness] have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent." *Id.* The Second Circuit follows this approach. *See e.g. Vadai v. Dun & Bradstreet Credibility Corp.*, No. 14 CIV. 1617 LLS, 2014 WL 4436325, at *1 (S.D.N.Y. Sept. 2, 2014). It is even more evident that the claims are mooted, when Plaintiff has NOT been diligent at all in pursuing his class claims.

24.     *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78 (2d Cir. 2013).

25.     *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 79 (2d Cir. 2013).

26.     *Id.* at 80.

27.     *Id.*

28.     *Id.; Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571 JG MDG, 2012 WL 5210596, at *4. The Court did require, however, that Midland fulfill its promise and pay the plaintiff the amount offered. *Id.*

this case for lack of subject matter jurisdiction."[29] *Doyle* remains the law in the Second Circuit and continues to be followed for the proposition that Plaintiff's failure to accept an offer for the full relief requested by a plaintiff moots the action.[30]

Here, CCL's Rule 68 Offer, made prior to any motion for class certification, gives Plaintiff all that he could hope to recover.[31] CCL has offered Plaintiff $2,500.00, which is the maximum statutory sum (and is more than what Plaintiff asked for in the Amended Complaint) Plaintiff could conceivably hope to recover at trial under the TCPA and New York General Business Law § 399 P. (9). Indeed, although Plaintiff's Amended Complaint only requests

---

29.     *Doyle,* 722 F.3d at 81; *see also Franco v. Allied Interstate LLC*, No. 13–CV–4053, 2014 WL 1329168, at *2, 5 (S.D.N.Y. Apr. 2, 2014) (citing *Doyle* for the proposition that "[a] valid offer of judgment that would satisfy a plaintiff's entire claim for relief ... renders a plaintiff's claim moot, even if plaintiff refuses the offer of judgment"; dismissing the case as moot, and entering judgment in the defendant's favor); *Foos v. Monroe–2 Orleans BOCES*, No. 10–CV–6221, 2014 WL 122408, at *2–3 (W.D.N.Y. Jan. 13, 2014) (citing *Doyle* for the proposition that "an offer for a plaintiff's maximum recovery will render an action moot," dismissing the case as moot, and entering judgment in the defendant's favor).

30.     *Cabala v. Crowley*, 736 F.3d 226, 228-29 (2d Cir. 2013)(recognizing their decision is consistent with *Doyle,* and holding that a settlement offer which is *not* an offer of judgment under Rule 68 and which "specifically sought to avoid entry of judgment," was insufficient to moot the case); *Franco v. Allied Interstate LLC*, No. 13 CIV. 4053 KBF, 2014 WL 1329168, at *2 (S.D.N.Y. Apr. 2, 2014) (defendant's Rule 68 offer of judgment to plaintiff rendered his claim moot and the court lacks subject matter jurisdiction, notwithstanding the pending motion for class certification.); *Hepler v. Abercrombie & Fitch Co.*, No. CV 13-2815 LDW SIL, 2014 WL 4982441, at *1 (E.D.N.Y. Oct. 3, 2014)(holding dismissal for mootness is proper even when a plaintiff has potential for further recovery of certain damages under state law claims); *Aleman v. Innovative Elec. Servs. L.L.C*, No. 14-CV-868 KBF, 2014 WL 4742726, at *3 (S.D.N.Y. Sept. 15, 2014)(mooting case and noting defendants' Rule 68 offer of judgment fully satisfied the named plaintiffs' claims for relief); *Vadai v. Dun & Bradstreet Credibility Corp.*, No. 14 CIV. 1617 LLS, 2014 WL 4436325, at *1 (S.D.N.Y. Sept. 2, 2014)(dismissing Plaintiff's TCPA class action  as moot based on Defendant's Rule 68 offer and noting "whether Vadai accepts or rejects that offer is immaterial, for the offer makes available to him all of the relief to which he would be entitled if he won his case."); *Shenk v. Soc. Sec. Admin.*, No. 12-CV-4370 SLT, 2014 WL 1311406, at *6 (E.D.N.Y. Mar. 28, 2014)(following *Doyle* and holding "a district court can dismiss a moot claim for lack of subject-matter jurisdiction upon a motion pursuant to Fed.R.Civ.P. 12(b)(1).").

31.     *See* DE: 1, DE: 19.

$1,050 for the TCPA and NYBL violation, Plaintiff was offered $2,500.[32] In addition, CCL

agreed to be enjoined from calling Plaintiff. To provide maximum relief, though CCL could not

find any cases awarding a plaintiff fees under the New York General Business Law § 399 P,

CCL nonetheless offered reasonable fees to be determined by this Court.[33] Plaintiff, however,

inexplicably permitted the Offer to expire; in the Second Circuit, Plaintiff's claims are now moot

and should be dismissed.[34] There is no live controversy before this Court. In the words of the

Honorable Judge Posner, "[y]ou cannot persist in suing after you have won."[35]

Therefore, as Plaintiff chose to permit CCL's Rule 68 Offer of Judgment, which afforded

Plaintiff all the relief he could conceivably hope to recover at trial, to expire, his claim has been

rendered moot and no live case or controversy exists upon which this Court may exercise its

jurisdiction. In addition, because the named representative's claim became moot before a motion

---

32. *Stewart v. Regent Asset Mgmt. Solutions*, No. 1:10-CV-2552-CC-JFK, 2011 WL 1766018, at *2 (N.D. Ga. May 4, 2011) ("[T]he maximum amount of statutory damages available under the TCPA, 47 U.S.C. § 227(b)(3), which is $1,500 per call."); N.Y. Gen. Bus. Law § 399-p (If a willful violation is shown, the court may award up to $1,000, the maximum under this section).

33. DE: 40-1.

34. *Schaake*, 203 F.R.D. at 110.

35. *Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.); *see also Vidai v. Dun & Bradstreet Credibility Corp.*, 14 CIV. 1617 LLS, 2014 WL 4436325 (S.D.N.Y. Sept. 2, 2014); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009)(agreeing with the Seventh Circuit that an unaccepted Rule 68 offer of judgment moots the named plaintiff's claim); *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)("where the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required")(emphasis in original); *Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, 2014 WL 3420486, at *(E.D. Mich. July 14, 2014)(dismissing the case as moot when the defendant's Rule 68 Offer of Judgment provided all the relief the plaintiff sought and could potentially obtain at trial); *Franco v. Allied Interstate LLC*, No. 13-Civ-4053(KBF), 2014 WL 1329168 at *5 (S.D.N.Y Apr. 2, 2014)("[D]efendant's Rule 68 offer of judgment rendered plaintiff's claim moot notwithstanding the pending class certification motion."); *Hanover Grove Consumer Housing Cooperative v. Berkadia Commercial Mortg., LLC*, No. 13-13553, 2014 WL 354674, at *6 (E.D. Mich. Jan. 31, 2014)(entering judgment in accordance with the defendant's Rule 68 Offer of Judgment as it covered all of the plaintiff's individually requested relief, thus mooting the claim); *Greif v. Wilson, et al.*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003)(compelling the plaintiff to accept defendant's Rule 68 offer as full relief, and granting defendant's motion to dismiss pursuant to Rule 12(b)(6)).

for class certification had been filed (a year into the case and prior to Plaintiff commencing any class discovery), the entire class is to be dismissed for lack of subject matter jurisdiction.[36] Accordingly, Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.

## IV. CONCLUSION

Defendant's Rule 68 Offer of Judgment offers Plaintiff more than he could conceivably hope to gain in this lawsuit. As a result, his claims have been rendered moot. Because the claim is moot, Plaintiff no longer has a stake in the litigation, and thus no case or controversy presents itself before this Court. Accordingly, this Court lacks subject matter jurisdiction; there is nothing for it to adjudicate. Defendant respectfully requests this Motion be granted, and Plaintiff's Amended Complaint be dismissed as moot.

DATED: December 8, 2014.

Respectfully submitted,

GREENSPOON MARDER, P.A.

*/s/ Jeffrey A. Backman*
Richard W. Epstein
*Admitted Pro Hac Vice*
Fla. Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Admitted Pro Hac Vice*
Fla. Bar No. 662501
Jeffrey.Backman@gmlaw.com
200 East Broward Blvd.
Suite 1500
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 343-6958
-and-

---

36. *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 160 (E.D.N.Y. 2003) ("'The court reiterated the fact that the class had not been certified, and 'if a named representative's claim becomes moot before class certification, the entire class is to be dismissed for lack of subject matter jurisdiction.'").

MORGAN MELHUISH ABRUTYN
Richard T. Imossi, Esq.
rimossi@morganlawfirm.com
39 Broadway – Suite 1701
New York, New York 10006
212-809-1111

*Attorneys for CCL*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of December, 2014, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:

Todd C. Bank
Attorney at Law
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN
